[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2006
THOMAS K. KAHN
CLERK

No. 05-16716
Non-Argument Calendar

_____

D. C. Docket No. 04-00969-CV-T-S

ANGELA SPANN,

Plaintiff-Appellant,

versus

DYNCORP TECHNICAL SERVICES, LLC,

Defendant.

ARMY FLEET SUPPORT, LLC,

Defendant-Appellee,

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(June 16, 2006)**

Before TJOFLAT, BIRCH and PRYOR, Circuit Judges.

PER CURIAM:

Angela Spann, a female aircraft mechanic, appeals the district court's decision to grant summary judgment in favor of Army Fleet Support ("AFS") as to Spann's complaint alleging retaliation, which was filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a). The district court concluded that Spann failed to carry her burden of showing that AFS's nondiscriminatory reason for the adverse employment action was pretextual. We agree with the district court and AFFIRM.

# I. BACKGROUND

The facts relevant to the disposition of this appeal are not in dispute. Spann worked on Army helicopters on one of Fort Rucker's many airfields. She alleges that AFS, which replaced her former employer, DynCorp Technical Services, as the local maintenance contractor, retaliated against her by rescinding its employment offer after she was terminated by DynCorp following her complaint of sexual harassment.

In September 2003, AFS acquired the contract to provide maintenance support to the helicopters on Fort Rucker. AFS had sixty days to field a support staff and, in order to meet that deadline and placate the local union, agreed to hire

2

from the mechanics employed by DynCorp on the condition that the employees, as applicable, completed a background check, passed a drug test, and retained their status as employees in good standing with DynCorp. Spann was the only employee not hired because she failed to meet one of these three conditions.

Spann was hired to work on Fort Rucker in February 2001 and was subjected to sexual harassment by DynCorp employees. She did not complain about this harassment until her employment meeting with AFS on 9 November 2003. The AFS representatives notified DynCorp of the alleged harassment.

On 24 November 2003, DynCorp terminated Spann's employment, and AFS rescinded its employment offer two days later because Spann was no longer an employee in good standing with DynCorp. In May 2004, Spann filed a charge with the EEOC, to which AFS denied knowledge of Spann's sexual harassment complaint against DynCorp when it decided to rescind its employment offer and explained that in order for its employment offer to be valid the person in question had to be on DynCorp's payroll as of 30 November 2003. Spann filed suit in federal court on 13 October 2004 and the court, concluding that Spann had failed to show that AFS's nondiscriminatory reason was pretextual, granted summary judgment to AFS on 1 November 2005.

On appeal, Spann argues that AFS's proffered reason for rescinding her

employment offer, that she was no longer an employee in good standing with DynCorp on the date that AFS assumed the contract, was pretextual because: (1) she did not have to be an employee in good standing with DynCorp on the date that AFS assumed the contract; (2) AFS failed to renew her job offer once DynCorp withdrew her termination; and (3) the temporal proximity between her complaint and AFS's rescission of her job offer suggests pretext.[1]

## II. DISCUSSION

A district court's order granting summary judgment is reviewed <u>de novo</u>, "viewing all the evidence, and drawing all reasonable inferences, in favor of the non-moving party." <u>Vessels v. Atlanta Indep. Sch. Sys.</u>, 408 F.3d 763, 767 (11th Cir. 2005) (per curiam). Summary judgment is appropriate when the record shows that "there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law." <u>Id.</u> (citing Fed. R. Civ. P. 56(c)). To survive a motion for summary judgment, the nonmoving party must proffer evidence beyond what is asserted in the pleadings. <u>Celotex Corp. v. Catrett</u>, 477

___

[1] Spann also argues on appeal that the district court abused its discretion in denying her Rule 59(a) motion to reconsider, wherein she claimed for the first time in a supplemental brief that AFS was vicariously liable for the actions of DynCorp. "We will not overturn a denial of a Rule 59 motion absent an abuse of discretion." <u>U.S. Equal Opportunity Comm'n v. W & O, Inc.</u>, 213 F.3d 600, 610 (11th Cir. 2000). The district court did not abuse its discretion in failing to consider her new argument because the purpose of a Rule 59(e) motion is not to present the case under a new legal theory. <u>Mincey v. Head</u>, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000).

U.S. 317, 324, 106 S. Ct. 2548, 2553 (1986) (citing Fed. R. Civ. P. 56(e)). When the nonmoving party has failed "to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," no genuine issue of material fact exists. Id. at 322–23, 106 S. Ct. at 2552.

Title VII prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII also prohibits an employer from retaliating against an employee "because [the employee] has opposed any practice made an unlawful employment practice . . . or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." Id. § 2000e-3(a).

Plaintiffs attempting to prove discrimination by circumstantial evidence are subject to the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973). Under the McDonnell Douglas framework, a plaintiff must first create an inference of discrimination or retaliation through her prima facie case. Id. at 802, 93 S. Ct. at 1824. To establish a prima facie case of retaliation, the plaintiff must show (1) participation in a protected activity; (2) an adverse employment action; and (3) a causal connection between

5

the two.  Cooper v. Southern Co., 390 F.3d 695, 740 (11th Cir. 2004).  For purposes of this appeal, we do not review the district court's decision to assume that a prima facie case was presented by Spann.

If the plaintiff successfully makes out a prima facie case, the burden shifts to the defendant-employer to articulate a legitimate nondiscriminatory basis for the employment action.  Vessels, 408 F.3d at 767.  In this case, AFS claims that they were prepared to hire only DynCorp employees in good standing and that Spann was not such an employee.  Spann does not contest that this reason is a legitimate nondiscriminatory basis for revoking the employment offer.

If the defendant-employer meets this burden, the plaintiff must show by a preponderance of the evidence that the proffered reasons were pretextual.  Id. at 768.  The plaintiff must demonstrate "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence."  Cooper, 390 F.3d at 725 (quotations omitted).  The question the factfinder must answer is whether the employer's proffered reasons were "a coverup for a . . . discriminatory decision."  Rojas v. Florida, 285 F.3d 1339, 1342 (11th Cir. 2002) (per curiam) (omission in original).  The factfinder is not to decide whether the challenged action is "prudent or fair" but, rather, is to

6

determine whether the reason for the action was given merely to mask a discriminatory decision.  Id.  Showing that an employer is mistaken in its belief of a nondiscriminatory reason does not prove pretext.  Silvera v. Orange County Sch. Bd., 244 F.3d 1253, 1261 (11th Cir. 2001).

A plaintiff may overcome the employer's asserted legitimate reasons and avoid summary judgment "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence."  Taylor v. Runyon, 175 F.3d 861, 867 (11th Cir. 1999) (quotations and emphasis omitted). Still, the plaintiff "must meet that reason head on and rebut it, and the employee cannot succeed simply by quarreling with the wisdom of that reason."  Chapman v. AI Transport, 229 F.3d 1012, 1030 (11th Cir. 2000) (en banc).

In this case, the district court properly granted summary judgment because Spann, as the plaintiff with the burden of showing the proffered, nondiscriminatory reason was pretextual, was unable to carry her burden.  Spann argues that AFS was not required by their stated policy to rescind her employment offer.  However, even if AFS was mistaken about its policy, the decision to rescind the offer would not be retaliatory if AFS believed that they were required to rescind the offer. Because Spann failed to provide probative evidence that AFS believed that its

7

hiring policy did not require it to rescind her offer when DynCorp terminated her employment, Spann has not carried her burden of establishing that the employment decision was pretextual.

Furthermore, AFS's failure to make Spann another employment offer after DynCorp rescinded its termination is not evidence of retaliation because AFS is under no duty to seek Spann out as an employee and Spann never requested employment after DynCorp rescinded its decision to terminate her. Spann also argues that AFS lied to the EEOC when it said it had no knowledge that Spann had complained of sexual harassment. Even assuming this to be true, this misrepresentation is relevant only to Spann's prima facie case, which we have assumed to be demonstrated, and that misrepresentation does not touch upon, much less undermine, AFS's proffered nondiscriminatory reason. Finally, although the evidence demonstrated temporal proximity between Spann's complaint to DynCorp about sexual harassment and the rescission of her job offer, we conclude that this alone is not sufficient to establish pretext. See Wascura v. City of S. Miami, 257 F.3d 1238, 1244–45 (11th Cir. 2001). For these reasons, there is no genuine issue of material fact regarding pretext, and Spann has failed to carry her burden of demonstrating that AFS's nondiscriminatory reason was pretextual.

### III. CONCLUSION

Spann appealed the district court's decision to grant AFS's motion for summary judgment, which concluded that she had failed to show AFS's reason for rescinding the employment offer was pretextual. We agree with the district court that AFS's decision not to hire people who were not in good standing with DynCorp at the end of DynCorp's contract with the government is a legitimate nondiscriminatory reason for rescinding Spann's employment offer. **AFFIRMED.**